Filed May 25, 1891.

---

No. 15,038.

THE CITIZENS' INSURANCE COMPANY v. HOFFMAN.

INSURANCE.—*Application.*— *Warranties.*—Statements made by the insured in his application for insurance are not deemed warranties unless they are incorporated in the policy, or, in some appropriate method, referred to in that instrument.

SAME.—*Conditions of Policy.*—Where the insured represents in his letter of application for insurance that a certain amount of insurance will be maintained, but the application is not incorporated in the policy or

made a part thereof by reference, no inference arises that the policy was issued upon the condition mentioned in such letter of application.

From the Vanderburgh Circuit Court.

*S. J. Peelle, W. L. Taylor, A. Gilchrist* and *C. A. De Bruler*, for appellant.

*T. E. Garvin, Jr.,* and *G. Cunningham,* for appellee.

MILLER, J.—The appellee sued the appellant to recover on a policy of insurance, by which the appellant, in consideration of fifteen dollars, agreed to indemnify him to the extent of $1,500 against loss by fire of the property therein described.

The complaint was in two paragraphs. The first averred a total loss of $90,000, and asked for judgment for $1,500, the full amount of the policy.

The second averred a loss of $51,000, a total insurance of $60,000, and that the defendant was liable for such proportion of the loss as the amount of its policy bore to the whole amount of insurance carried.

The defendant answered in two paragraphs. The first avers that by the policy the defendant agreed to pay only the one-sixtieth of the loss, that the loss was $51,000, and that the defendant was liable for the one-sixtieth of that amount, viz., $850, and interest, and no more.

In the second paragraph it is alleged that the application for the policy was in a letter addressed by the plaintiff to the managers of the defendant; that in such application the plaintiff represented that the amount of insurance upon the property described in the policy filed with the complaint, which was at all times carried by the plaintiff, was $90,000, including the amount applied for; that in such letter the plaintiff represented and guaranteed that there was, and should thereafter be, during the time the defendant might insure the property, an insurance in the sum of $90,000; that the letter had been lost and the defendant was therefore unable to file a copy of the same with the answer; that the

policy was issued solely in consideration of the representation and guaranty contained in the letter ; that by the terms of the policy the defendant only agreed to pay the one-sixtieth of the loss which the plaintiff might sustain by fire on each of the items of property described in the policy.

It is averred that the plaintiff, in violation of said representation and guaranty, did not keep and maintain $90,000 insurance upon the property, but only had $60,000 insurance at the time of the fire ; that the total loss sustained was $51,-000, of which the defendant was liable for $850 and interest, and no more.

Demurrers were sustained to each of these paragraphs of answer, and the defendant declining to plead further, judgment was rendered for $1,275 and interest.

Appellant assigns as error the ruling of the court in sustaining the demurrers to these paragraphs of answer.

The facts stated in the complaint, and the issues of law and fact presented by the first paragraph of answer, are substantially the same that were considered and ruled upon in the case of *Indiana Insurance Co.* v. *Hoffman, ante,* p. 250, and upon the authority of that case we hold that the court did not err in sustaining the demurrer to the first paragraph of answer.

In the second paragraph of answer the letter written by the assured to the company is relied upon either as a warranty or a representation.

In *Commonwealth Ins. Co.* v. *Monninger,* 18 Ind. 352, this court, in distinguishing between a representation and a warranty, cites, with approval, the following definition of a representation as " a verbal or written statement, made by the assured to the underwriter, before the subscription of the policy, as to the existence of some fact, or state of facts, tending to induce the underwriter more readily to assume the risk, by diminishing the estimate he would otherwise form of it. It is a part of the preliminary proceedings which propose the contract ; and a warranty is a part of the contract, as it has

been completed." May Ins. (3d ed.), section 159; Wood Fire Ins. (2d ed.), section 150.

It will be observed that there is no allegation in the answer that there was $90,000 insurance on the property at the time the policy was issued. Neither is it claimed in the answer that at, or prior to, the time the policy was issued the assured made any statement of fact that was not, at the time, true.

It is contended, that, if the application did not contain a misstatement of fact, it constituted a warranty or guarantee that the assured would maintain $90,000 insurance on the property.

It nowhere appears from the policy that the application was incorporated in, or made a part of, the same. We find in the policy this clause : "If an application, survey, plan, or description, is referred to in this policy, such application, survey, plan, or description is hereby made a part of this contract, and a warranty by the assured."

This language is significant when taken in connection with the fact that no reference was made in the policy to any application having been made for insurance.

The necessity for making the application a part of the policy in order to make any statements therein contained warranties, is tersely stated by ELLIOTT, J., in *Presbyterian, etc., Fund* v. *Allen,* 106 Ind. 593, as follows :

"Statements made by the insured in his application for insurance are not deemed warranties unless they are incorporated in the policy, or, in some appropriate method, referred to in that instrument."

It does not come within the rule of construing and reading together papers contemporaneously executed, as parts of the same contract (*Burns* v. *Singer Mfg. Co.,* 87 Ind. 541, and *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334), for the policy is a complete instrument and contract within and of itself, containing no reference or allusion to any other instrument.

It is evident, from the averments of the answer, taken in

connection with the policy, that the company, instead of accepting the terms of the letter, by inserting a clause in the policy to that effect, as is usual when a given amount of insurance is to be maintained, issued the policy, giving the assured the privilege of making other insurance, without limit or notice, until required.

The general and well-settled rule is, that the application forms no part of the policy, unless it is referred to and adopted. Wood Fire Ins., section 138; May Ins., section 159; *Owens* v. *Holland Purchase Ins. Co.*, 56 N. Y. 565; *Commonwealth Ins. Co.* v. *Monninger, supra.*

Holding, as we do, that the company did not adopt, or treat, the application as a part of the policy, no inference arises that the policy was issued upon the terms or conditions mentioned in the letter, or application, for it might well be inferred that the terms of the application were not satisfactory to the insurers, and that they therefore chose to make the contract upon their own terms, and independent of the application.

We are of the opinion that the court did not err in sustaining the demurrer to the second paragraph of the answer.

Judgment affirmed.

Filed May 26, 1891.