## COLLINS *v.* CATHOLIC ORDER OF FORESTERS.

[No. 6,531.   Filed April 23, 1909.]

1. TRIAL.—*Burden of Proof.—Insurance.—Warranties.*—The burden of proving that assured's warranties in his insurance application were false is upon the company setting up such defense. p. 555.

2. INSURANCE. — *Application. — Warranties. — How Considered.* — Where statements concerning matters of fact are made in an insurance application, which are presumably within the knowledge of the assured, they may be treated as warranted to exist, but where they consist of facts of which assured could not have certain knowledge, his answers should be considered as warranties of his honest belief only.  p. 555.

3. INSURANCE.— *Application.—Questions.—Answers.—Construction.* —The questions and answers in an insurance application should be construed together in order to determine the meaning. p. 555.

4. INSURANCE.— *Applications.— Questions.— Answers.— Partial.*— Where, in an insurance application, the question "Have you ever had any severe illness or injury, or undergone any surgical operation?" was answered with the words, "First finger index right hand," and the evidence showed that the assured had a portion of his first finger of his right hand removed, no false warranty is shown, the answer being true, though partial. p. 555.

5. INSURANCE.—*Applications.—Questions.—"Severe Illness."—Warranties.—Jury.*—Where, in an insurance application the question whether the applicant ever had any "severe illness" was answered with the statement, "have not been sick since childhood, diseases of childhood," and the evidence showed that he had at one time a severe cold, and attacks of biliousness and indigestion, the question whether such constituted a "severe illness" was for the jury, such question requiring only a statement of assured's honest belief, and did not call for an enumeration of slight and transient ailments. p. 556.

6. INSURANCE.— *Applications.— Diseases.— Presumption as to Assured's Knowledge of.*—An assured is not presumed, as a matter of law, to know certainly whether he was afflicted with certain diseases of the bowels, or with la grippe, statements of assured in reference thereto being required only to be honest statements of his opinion. p. 556.

7. EVIDENCE.—*Opinions.—Diseases.*—A beneficiary's testimony that her husband at one time had la grippe must be considered not as conclusive proof of the fact, but merely as her opinion. 557.

8. INSURANCE. — *Applications. — Warranties. — Spitting Blood. — Coughs.*—An applicant's statements, in his application for insurance, as to his spitting blood, and as to his coughing, should be regarded as warranties, since he has certain knowledge thereof. p. 557.

9. INSURANCE.—*Applications.—Warranties.—Facts Existing Tending to Shorten Life.*—Where an assured was asked whether he knew of any fact tending to shorten his life, his answer, to constitute a breach of warranty, must fail to disclose some known fact which the court could say as a matter of law that he knew tended to shorten his life. p. 558.

10. INSURANCE. — *Applications. — Questions. — Medical Advice.* — Where assured was asked the question, "When, and for what, has medical advice been sought within the last three years?" and he answered "Nothing," and the evidence showed that he had been treated by physicians for several ailments, but failed to show

upon whose solicitation such attention was given, the question of a breach of warranty is for the jury.  p. 558.

11.  TRIAL.—*Directing Verdict.—Testimony of Witnesses.—Burden of Proof.*—The court should not direct a verdict for one having the burden of proof, where the evidence consists wholly or partially of the testimony of witnesses. *Fidelity, etc., Assn. v. McDaniel*, 25 Ind. App. 608, distinguished.  p. 559.

From Superior Court of Marion County (69,896); *John L. McMaster*, Judge.

Action by Mary A. Collins against the Catholic Order of Foresters.  From a judgment for defendant, plaintiff appeals.  *Reversed.*

*Merrill Moores, James P. Boyle, Walter Myers* and *John Ogden*, for appellant.

*Edmund S. Cummings, Edward P. Honan, Michael A. Ryan* and *John C. Ruckelshaus*, for appellee.

RABB, J.—Mary Alice Collins brought suit against the Catholic Order of Foresters, to recover on an insurance policy issued by said order to James Edward Collins, her husband, and of which policy she was and is the sole beneficiary.

The complaint alleges that appellee was a corporation engaged in the business of mutual benefit insurance; that on December 3, 1904, James Edward Collins, who was at that time appellant's husband, signed a written application for membership in the Catholic Order of Foresters. The complaint set out said application for membership, together with the medical examiner's certificate thereon, and the written approval of J. P. Smythe, M. D., high medical examiner of said order, which approval is dated December 16, 1904. It is further averred that James Edward Collins was duly initiated a member of St. Joseph Court No. 1,109, Catholic Order of Foresters, and that the $1,000 benefit certificate, upon which appellant, as beneficiary, brought suit, was executed by the high court of said order, to be deliv-

ered to James Edward Collins, but that the certificate was not delivered to Collins, being kept by St. Joseph Court; that James Edward Collins paid his initiation fee and all assessments and dues, up to the time of his death, to the financial secretary of St. Joseph Court; that he was at the time of his death a member in good standing, and that he died April 6, 1905; that the appellant has demanded the benefit certificate from the appellee, and that the appellee has refused to deliver the certificate to her. It is further averred that the insured and the appellant performed all of the conditions of the contract to be by them performed, and that the appellant has demanded payment from the appellee of the sum due her by the terms of the certificate, and payment has been refused by appellee.

To this complaint appellee answered the general denial, and a special plea setting up a misrepresentation of the facts, by means of which the insured procured appellee to issue the certificate sued on, and a breach of the warranties contained therein, the representations and warranties relied on in the answer consisting of false answers made to the following questions asked the insured in the medical examination, which formed a part of the insured's application for membership in the order:

"Q. Have you ever had any severe illness or injury, or undergone any surgical operation? A. First finger index right hand. Q. State when, give particulars, and name of your attending physician. A. Have not been sick since childhood, diseases of childhood. Q. Have you fully recovered? A. Yes. Q. Have you had any of the following complaints, diseases, or symptoms? * * * Spitting or raising blood? A. No. Q. Any diseases of the bowels? A. No. Q. Habitual cough? A. No. Q. La grippe? A. No. Q. When, and for what, has medical advice been sought within the last three years? A. Nothing. Q. Is there anything to your knowledge or belief, in physical condition, family or personal history, or habits tending to shorten your life, which is not distinctly set forth in this application? A. No."

It is averred that the order accepted the insured into membership therein, relying on the truth of said answers, and that, by the terms of the contract between the insured and the appellee, the insured expressly warranted said answers to be true. The certificate signed by the insured, attached to the medical examination, and forming a part of the insured's application for membership, was as follows:

"I do hereby certify and declare that the answers given by me to the above questions are each and all true in fact, and I do hereby warrant said answers and each of them to be true in fact, and I do hereby agree that should any answers so made by me be untrue in fact, * * * or should any concealment of facts be made by me in this application, that then and in such case I do thereby forfeit the rights of my beneficiary to any and all benefits and privileges of the order, including all claims and demands by virtue of any benefit certificate that may have been issued to me by said order, including also all moneys paid by me to said order for any purpose whatsoever."

The benefit certificate issued by appellee, upon which appellant's action is predicated, contained the following statement:

"The statements made by said member in the proposition blank, signed by him at the time of his proposition as a member of said Catholic Order of Foresters, are hereby acknowledged and declared by him to be warranties, and to be made a part of this contract. * * * The representations and agreements made and subscribed by him in the application and medical examiner's blanks, and the answers given and certified by him to the medical examiner, are hereby acknowledged and declared by him to be warranties, and to be made a part of this contract."

The case was put at issue by a reply of general denial, a jury trial had, resulting in a verdict in favor of appellee, appellant's motion for a new trial overruled, and judgment rendered on the verdict.

At the conclusion of the evidence the court, on appellee's motion, and over the objection and exception of appellant,

gave the jury a peremptory instruction to return a verdict in favor of appellee, and the sole question presented by the record here involves this action of the court.

- There was sufficient evidence, as disclosed by the record, to sustain a verdict in favor of appellant, unless the appellee's affirmative defense was made out.

The case, as it is presented here, proceeds upon the theory adopted by both parties, that appellee's answer is sufficient. It is not claimed here by appellant that it was necessary, in order to entitle appellee to make the affirmative defenses set up in its answer, to show a rescission of the contract, and an offer on its part to return the premiums or assessments received by it from the insured upon the contract, and therefore this question is not considered by the court.

It is earnestly insisted by appellant that the court erred in taking the case from the jury; that the evidence appearing in the record did not justify such action on the part of the court, her contention being that the answers in the insured's application are to be construed as representations, and not as warranties, and that it must be shown that the answers were not only false, but that the matters in which they were false were material, and that the answers were fraudulently made by the insured for the purpose of procuring the insurance; that the facts therein stated were believed by the insurer to be true, and relied on by it in making the contract, and that the evidence fails to sustain these essential facts, or, at least, that they do not so clearly appear as to become questions of law.

Appellee, on the other hand, contends that the insurance contract warrants the truth of the answers, and that therefore any deviation in the answers from the truth avoids the contract; also, that even considered as representations, the uncontradicted evidence shows that the answers were false; that they were known to be false by the insured; that they were made for the purpose of inducing the appellee to enter into the contract; were believed by the ap-

pellee to be true, and relied upon by it in accepting the insured into the order and issuing to him the certificate sued on.

However the answers to the questions may be regarded, whether as warranties or as representations, the appellee clearly had the burden of establishing that they were false, to entitle it to the verdict of the jury.

Treating them as warranties, how should they be construed? What do they mean? We think the correct rule of interpretation to be applied to the questions and answers under consideration is that statements concerning matters of fact that are made in the application, and which are presumably within the knowledge of the applicant, are to be treated as warranting the existence of such fact. But declarations and statements contained in such application, of matters of fact concerning which the insurer should know but the applicant could not have certain knowledge of, and such also as are necessarily opinions of the applicant, are to be regarded as warranting only the applicant's honest belief in the truth of the statements which are made, and of his honest opinion, where an opinion is given. 3 Cooley, Briefs on Ins., 2108, note (g), and authorities cited; *Owen v. Metropolitan Life Ins. Co.* (1907), 74 N. J. L. 770, 67 Atl. 25.

And in determining the meaning to be attached to the statements contained in the application, the questions and answers must be construed together; and thus construed, what ground is there to contend that the evidence appearing in the record justifies a peremptory instruction in favor of the party having the burden of establishing the untruth of the answers?

The first interrogatory, "Have you ever had any severe illness or injury, or undergone any surgical operation?" is not directly answered in full. The only direct answer given is, "First finger index right hand." The evidence shows that the applicant had suffered a sur-

gical operation in having a portion of the first finger of his right hand removed, and as far as this answer goes it was absolutely true.

The first question, however, should be taken in connection with the second question and the answer thereto, and, thus considered, the statement contained in 5. the application amounts to this, that the applicant had suffered no severe illness or injury since childhood. The question, as it is presented, necessarily calls upon the applicant to determine for himself what the term ''severe illness,'' used in the question, means. The evidence discloses that he had a severe cold at one time; that he had attacks of biliousness and indigestion; but whether any of these attacks was a ''severe illness,'' within the meaning of the question, was, to say the least, a matter for the jury and not the court. *Mutual Life Ins. Co.* v. *Snyder* (1876), 93 U. S. 393, 23 L. Ed. 887.

The question required nothing more than that the insured's answer should state his honest belief with reference to any previous illness with which he had been afflicted. It did not require him to enumerate every slight and transient ailment that had no tendency to undermine or weaken his constitution. *Billings* v. *Metropolitan Life Ins. Co.* (1898), 70 Vt. 477; *Fidelity, etc., Assn.* v. *McDaniel* (1900), 25 Ind. App. 608; *Standard Life, etc., Co.* v. *Martin* (1893), 133 Ind. 376; 3 Cooley, Briefs on Ins., 2153, note (d), 2163, note (e), and cases cited. Treating these answers as warranties, it cannot be said that the facts established by the evidence disclose their breach, as a matter of law.

The same rule applies in construing the answers given by the insured to those questions that inquire with reference to certain specific diseases, questions five and 6. seven, inquiring with reference to diseases of the bowels and of la grippe. It is to be presumed that the insurer knew that the insured had no certain knowledge with reference to whether he had disease of the bowels, or

whether he had la grippe. The diseases that afflict the human race are given certain names by the learned medical profession, and the members of this profession are themselves very frequently at a loss to determine, from the symptoms of the patient, the particular malady with which he is suffering. It is not to be presumed that those not skilled in the science of medicine would certainly know from symptoms what particular name to ascribe to their physical ailments. It is true that whether one had a pain in the region of the bowels is a fact which he would certainly know; but whether the pain was to be ascribed to some disease of the bowels is another question, and one he could not certainly know. And whether the symptoms from which the insured may have suffered were caused by the disease known as la grippe is a fact he could not certainly know. The insured's contract, therefore, under the rule stated, simply warrants that the answers to the questions with reference to those specific ailments stated the honest belief of the insured upon the subject. It is pointed out in the appellee's brief that appellant testified that her husband had an attack of la grippe. This, however, is not conclusive. The appellant was not a physician. This statement was merely her opinion, and it is not conclusive proof that the insured did, in fact, have la grippe, much less is it conclusive that at the time he answered the question under consideration he knew or believed that he had suffered from such disease.

The answers to the questions that inquire regarding the spitting or raising of blood, and whether the insured was afflicted with an habitual cough, called for statements of fact that were peculiarly and certainly within the knowledge of the insured, and the answers thereto were warranted to be absolutely true. But there is nothing in the evidence that would justify the court in saying that the answer to either of these questions was false.

The ninth question calls for nothing more than an honest statement of the opinion of the insured with reference to the matters inquired about, that would tend to shorten his life. If the evidence disclosed, without contradiction, that there was some fact within the knowledge of the insured which he knew had a tendency to shorten his life, then there would be a breach of the warranty in answering these questions, but there is no direct evidence of the existence of any fact within the knowledge of the insured, which it could be said, as a matter of law, he knew tended to shorten his life. It might be that, from the facts disclosed by the evidence, an inference could properly be drawn that such fact existed, and that the insured knew it; but this is not enough.

The answer to one of the questions propounded to the insured—"When, and for what, has medical advice been sought within the last three years?"—is confidently relied upon by appellee as establishing clearly the breach of warranty. The evidence discloses that within the three years preceding the application the insured had been treated and prescribed for by physicians for several different ailments, the evidence not clearly showing their character; that his sputum was examined on three different occasions for traces of tuberculosis germs, but the circumstances under which the medical treatment was given and prescriptions made are not clearly shown. The question asks "for what has medical advice been sought," not what medical treatment has been received, and the question evidently means, for what has the insured sought medical advice? The evidence does not disclose that whatever medical treatment was given to the insured was at his solicitation, or that it was sought by him. It does disclose that the examination of his sputum for tuberculosis germs was not at his solicitation, but was made by a physician, upon the physician's own motion, and that the microscopic examination disclosed no traces of the germs. It may be

that the evidence appearing in the record would justify a
jury in inferring that medical advice was sought by the
insured, as it might possibly justify the inference that at
the time the insured made his application for insurance he
knew he was infected with tuberculosis; but it is not enough
to justify a peremptory instruction in favor of the party
having the burden of the issue that, from the uncontra-
dicted oral testimony given in the case, the jury may infer
facts that entitle the party to a verdict. The jury, and not
the court, must determine the credibility of the witnesses, and
the weight that would attach to their testimony, as well as
the inferences that are properly to be drawn from the facts
about which there is no dispute.

It has been decided by this court that a peremptory in-
struction in favor of one having the burden of the issue
can never properly be given when the verdict must be
11. wholly or partially based upon the testimony of wit-
nesses.

This court said, in the case of *Jacobs* v. *Jolley* (1902),
29 Ind. App. 25, 44: "We think it may be said to be suffi-
ciently established upon reason and authority that a re-
quest, on behalf of the party having the burden of the issue
on trial, for a direction to the jury to return a verdict in
his favor should not be granted, when the verdict must be
based upon the testimony of witnesses wholly or partially."
The same question arose and was decided in the same way
by the Supreme Court in the case of *Haughton* v. *Aetna Life
Ins. Co.* (1905), 165 Ind. 32.

We have been cited by appellee to the case of *Fidelity,
etc., Assn.* v. *McDaniel, supra,* as an authority decisive of
the questions involved in this case. The questions presented
here and in that case are not the same. There the question
arose, not over a peremptory instruction given to the jury,
but upon a demurrer to the reply.

We think it clear that the court erred in withdrawing the
case from the jury, and in giving them the peremptory in-

struction. The case should have been submitted to the jury upon the facts in evidence, with proper instructions from the court to guide them.

The judgment of the court below is reversed, and a new trial ordered.

Comstock, J., not participating.