# CATHOLIC ORDER OF FORESTERS *v.* COLLINS.

[No. 7,727. Filed October 30, 1912.]

1. APPEAL.—*Law of the Case.*—Where, on appeal, the question remains the same as that decided in a former appeal, the former decision is the law of the case. p. 290.
2. INSURANCE.—*Warranties.*—If the answers contained in an application for mutual benefit insurance, and relied on for breach of warranty, were made in a separate, independent application or instrument, in no way referred to or made a part of the certificate of insurance, they must be regarded as representations only, and not as warranties. p. 291.

3. INSURANCE.— *Policy.*— *Application.*— *Construction.*— When the application for insurance is made a part of the policy, both instruments must be construed together as one contract.    pp. 292. 294.

4. INSURANCE.—*Warranties.*—*Construction.*—Warranties in a contract of insurance are not to be created or extended by construction, but must arise from the fair interpretation and clear intendment of the words used by the parties, and in case of doubt as to the intent of the parties, the court should favor that construction which will relieve the assured of the obligation of a warranty.    p. 292.

5. INSURANCE.—*Application.*—*Representations.*—*Warranties.*—Representations in an application for insurance need only be substantially true, so far as they are material to the risk, but warranties must be strictly true in every particular, whether material or immaterial.    p. 292.

6. INSURANCE.—*Contract.*—*Warranties.*—The parties to a contract of insurance may settle for themselves that representations in the application shall be deemed material and, when they have done so, the applicant cannot afterwards show that a fact which the parties have thus declared material to be truly stated to the insurer, was in fact immaterial.    p. 293.

7. INSURANCE. — *Mutual Benefit Insurance.* — *Application.*— *Construction.*—*Warranties.*—Where the application was made a part of a mutual benefit certificate, and the contract when read in its entirety contained no contradictory or doubtful provisions, and clearly provided that the answers of the assured in his application for membership shall "each and all" be treated as true in fact, and that the assured "warrants said answers and each of them to be true in fact", and agrees that, in case any answer is untrue, all rights of himself and his beneficiary are forfeited, the answers of the assured in his application must be treated as warranties.    p. 294.

8. INSURANCE.—*Mutual Benefit Insurance.*—*Warranties.*—*Breach.* —*Answers to Interrogatories.*—In an action on a mutual benefit certificate, in which, by the terms of the entire contract, the answers in the application are deemed to be warranties, answers by the jury to interrogatories showing that within the three years preceding the date of his application the assured had sought and obtained the advice and services of physicians for physical ailments, show falsity of assured's answer of "nothing" to the question in his application, "When and for what has medical advice been sought within the last three years?" and that there had been a breach of warranty as to such answer.    p. 294.

9. INSURANCE.— *Warranties.*— *Breach.*— *Avoidance of Contract.*— *Return of Premiums.*—The insurer has a right to avoid a contract of insurance for the breach of a warranty, but, if it elects

so to do, it must offer to restore and tender back that which has been received by it on the contract, and it may then plead such breach of warranty and its offer of tender as a defense. p. 297.

10. TRIAL.—*Verdict.—Answers to Interrogatories.*—Everything is presumed in favor of the general verdict, and before a motion for judgment on the answers to interrogatories, notwithstanding such verdict, can be sustained, there must be such irreconcilable conflict between such answers and the general verdict that the latter cannot stand. p. 297.

11. INSURANCE.—*Action on Mutual Benefit Certificate.—Breach of Warranty.—Answers to Interrogatories.*—In an action on a mutual benefit certificate, a breach of warranty by the assured is a matter of defense, so that answers by the jury to interrogatories which show a breach of warranty only will not control a general verdict for plaintiff, which is a finding against defendant as to all other material averments of its answer setting up such breach. p. 298.

12. APPEAL.—*Review.—Verdict.—Answers to Interrogatories.—Motion for Judgment on Answers.—What May Be Considered.*—In considering a motion for judgment on the answers to interrogatories notwithstanding the general verdict, the court can look only to the pleadings, the verdict and the answers to the interrogatories. p. 298.

13. INSURANCE.—*Action on Mutual Benefit Certificate.—Evidence. —Sufficiency.—Breach of Warranty.*—Where, in an action on a mutual benefit certificate the undisputed evidence showed that there was a breach of warranty by the assured in his failure to answer a question in his application truthfully, the evidence was not sufficient to sustain a verdict for plaintiff. p. 298.

14. INSURANCE.—*Mutual Benefit Insurance.—Breach of Warranty. —Medical Advice.—Instructions.*—In order to defeat recovery under a mutual benefit certificate for breach of warranty in an application that the insured had not sought medical advice "within the last three years" the advice must have been sought within the three years preceding the date of the application, and instructions fixing the time as within the three years preceding the issuing of the certificate were erroneous. p. 300.　•

From Superior Court of Marion County (69,896) ; *Vinson Carter,* Judge.

Action by Mary Alice Collins against the Catholic Order of Foresters. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edmund S. Cummings, Edward P. Honan, Michael A. Ryan* and *John C. Ruckelshaus,* for appellant.

*Merrill Moores, Walter Myers, James P. Boyle, Charles W. Moores,* and *John Ogden,* for appellee.

HOTTEL, C. J.—This is a suit by appellee, the sole beneficiary of an insurance certificate issued by appellant to James Edward Collins, husband of appellee, to recover on such certificate. This is a second appeal, a former judgment in appellant's favor having been reversed by this court on account of the error of the lower court in giving a peremptory instruction in appellant's favor. *Collins v. Catholic Order of Foresters* (1909), 43 Ind. App. 549, 551, 88 N. E. 87. A trial by jury resulted in a verdict for appellee, with which were returned answers to interrogatories. Motions by appellant for judgment on the answers to interrogatories and for a new trial were overruled, and exceptions to each ruling saved by appellant, after which judgment was rendered on the verdict for appellee. The rulings on said motions present the errors on which appellee relies. As no question is presented on the pleadings, we need only set out enough of their substance to present the questions which are relied on for reversal.

The complaint is the usual complaint in such cases, and avers that on December 3, 1903, decedent, James E. Collins, signed a written application for membership in said order, his acceptance by the order, his initiation as a member of St. Joseph Court No. 1109, the issuing by the order on December 23, 1903, of the benefit certificate in suit for $1,000, with appellee as its beneficiary. The application for membership, together with the medical examiner's certificate thereon and the written approval of J. P. Smyth, M. D., high medical examiner of said order, and the certificate of insurance, are made part of the complaint.

It is further averred that the certificate was not delivered to Collins, but was delivered to the St. Joseph Court, and kept by it; that Collins died April 6, 1904; that at the time of his death, decedent was a member in good standing in

said order; that plaintiff demanded said certificate, and defendant refused to deliver it; that plaintiff made proof of death, and that she and her deceased husband performed all the conditions of said policy on their part to be performed, and that she demanded payment of the sum due on said policy, which was refused by defendant. Defendant answered by the general denial and by a special answer setting up a misrepresentation of the facts in procuring the issuing of the certificate sued on and a breach of the warranties therein contained. The questions and answers of the insured relied on and pleaded in the special answer are of those contained in that part of the "Application for Membership" designated "Applicant's Certificate", and are a part of the medical examination and are as follows:

(1) "Q. Have you ever had any severe illness or injury, or under gone any surgical operation? A. First finger index right hand. (2) Q. State when, give particulars, and name of your attending physician? A. Have not been sick since childhood. Diseases of childhood. (3) Q. Have you fully recovered? A. Yes. (4) Q. Have you had any of the following complaints, diseases or symptoms? Any disease of the lungs? A. No. (5) Q. Spitting or raising blood? A. No. (6) Q. Any disease of the bowels? A. No. (7) Q. Habitual cough? A. No. (8) Q. La Grippe? A. No. (9) Q. When and for what has medical advice been sought within the last three years? A. Nothing. (10) Q. Is there anything to your knowledge or belief, in physical condition, family or personal history, or habits, tending to shorten your life, which is not distinctly set forth in this application? A. No." The answer avers, in substance, that relying on the truth of these answers the insured was accepted by the order, and the certificate of insurance issued; that by the terms of the contract the insured expressly warranted said answers to be true, that they were, in fact, false, etc.

Judging from the court's statement of the facts of the for-

mer appeal, the case comes to us on the same pleadings and issues, except that an amendment of the special answer, probably suggested by the opinion in that case, has been made showing the amount of the fees, dues and assessments received by appellant on the contract, a tender of the same by appellant to appellee, and a refusal by appellee to accept the same or any part thereof.

The former decision of this case by this court is the law of the case in so far as it applies to the facts now pleaded on the evidence introduced thereunder, where the 1. question remains the same as that decided on the original appeal. *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146, 6 N. E. 337; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 50 N. E. 363; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Fort Wayne Iron, etc., Co.* v. *Parsell* (1912), 49 Ind. App. 565, 94 N. E. 770; *Indiana Union Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 96 N. E. 180.

The certificate sued on promises and binds appellant to pay appellee the sum of $1,000, subject to certain "express stipulations and conditions" therein set forth, which are, by the express terms of such certificate, made part thereof. The conditions and stipulations, controlling the questions here presented, are as follows: "(1) The statements made by said member in the proposition blank signed by him at the time of his proposal as a member of said Catholic Order of Foresters are hereby acknowledged and declared by him to be warranties and to be made a part of this contract. (2) The representations and agreements made and subscribed by him in the application and medical examiner's blanks and the answers given and certified by him to the medical examiner are hereby acknowledged and declared by him to be warranties and to be made a part of this contract."

Again, in that part of the application for membership

designated "Applicant's Certificate", and following the answers made in the medical examination, the insured certifies as follows: "I do hereby certify and declare that the answers given by me to the above questions are each and all true in fact, and I do hereby warrant said answers and each one of them to be true in fact, and I do hereby agree that, should any answer so made by me be untrue, that then, and in such case, I do hereby forfeit the rights of myself and my beneficiary or beneficiaries and of any and all other persons whomsoever to any and all benefits and privileges of the Order including all claims and demands by virtue of any benefit certificate, that may have been issued to me by said Order, including all moneys paid by me to said Order for any purpose whatsoever. James Edward Collins."

In the application for membership, following the statements of the insured himself, he made a like statement, with additional language as follows: "Or should any concealment of facts be made by me in this application. * * * I do hereby forfeit," etc.

The controlling question presented by the errors relied on by appellant in the court's ruling on each of said motions is, in effect, the same, the question being presented in the first motion by the facts found by the jury in its answers to interrogatories, and in the second motion by the facts disclosed by the evidence. We will, therefore, in discussing the ruling on the first motion indicate the legal principles which we think controlling in the case. These principles are:

(1) If the answers relied on for the breach of warranty were made in a separate, independent application or instrument, in no way referred to or made part of the certificate of insurance, they must in such case be regarded as collateral to the contract of insurance, and as representations only. *Citizens Ins. Co.* v. *Hoffman* (1891), 128 Ind. 370, 373, 27 N. E. 745; *Presbyterian Mut.*

*Assur. Fund* v. *Allen* (1886), 106 Ind. 593, 7 N. E. 317; *Campbell* v. *New England, etc., Ins. Co.* (1867), 98 Mass. 381, 389.

(2) "It is well settled that the policy and application, when the latter is made a part of the former, must be construed together as one contract." *Indiana, etc., Ins. Co.* v. *Rundell* (1893), 7 Ind. App. 426, 430, 34 N. E. 588. See, also, *Mutual Ben. Life Ins. Co.* v. *Miller* (1872), 39 Ind. 475; *Moulor* v. *American Life Ins. Co.* (1884), 111 U. S. 335, 341, 4 Sup. Ct. 466, 28 L. Ed. 447; *First Nat. Bank* v. *Hartford Fire Ins. Co.* (1877), 95 U. S. 673, 675, 24 L. Ed. 563.

(3) In construing this contract in its entirety we are admonished by the frequent expressions of this court and the Supreme Court, and by the courts of other jurisdictions, that warranties "are not to be created or extended by construction." They must arise, if at all, from the fair interpretation and clear intendment of the words used by the parties. Where there are contradictory provisions, ambiguities or uncertainties, or where the contract has been so framed as to leave room for construction rendering it uncertain or "doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract," the court should favor that construction which will relieve the assured of the obligation of a warranty. *Indiana, etc., Ins. Co.* v. *Rundell, supra; Moulor* v. *American Life Ins. Co., supra; First Nat. Bank* v. *Hartford Fire Ins. Co., supra,* 678; *Northwestern, etc., Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212, 216, 4 N. E. 582, 55 Am. Rep. 192; *Rogers* v. *Phœnix Ins. Co.* (1890), 121 Ind. 570, 576, 23 N. E. 498; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 94 N. E. 785, 788. (4) If the answers of the assured in his application can be construed as representations merely, they need be only substantially true, so far as such representations were material to the risk, but if they

must be construed as warranties, then they "cannot be deviated from in the smallest particular whether material or immaterial." On this point, in addition to authorities last above cited, see *Mutual Ben. Life Ins. Co.* v. *Miller, supra,* 486; *Phoenix Ins. Co.* v. *Benton* (1882), 87 Ind. 132, 137; *Campbell* v. *New England, etc., Ins. Co., supra,* 389; *Metropolitan Life Ins. Co.* v. *McTague* (1887), 49 N. J. L. 587, 591, 9 Atl. 766, 60 Am. Rep. 661; *Cobb* v. *Covenant, etc., Assn.* (1891), 153 Mass. 176, 177, 26 N. E. 230, 10 L. R. A. 666, 25 Am. St. 619; *White* v. *Provident Sav., etc., Society* (1895), 163 Mass. 108, 114, 39 N. E. 771, 27 L. R. A. 398.

(5) " 'The parties may, by the frame and contents of the papers, either by putting representations as to the quality, history, or relations of the subject insured into the 6. form of answers to specific questions, or by the mode of referring to them in the policy, settle for themselves that they shall be deemed material. And when they have done so the applicant for insurance cannot afterwards be permitted to show that a fact, which the parties have thus declared material to be truly stated to the insurers, was in fact immaterial, and thereby escape from the consequences of making a false answer to such a question.'

\* \* \* 'While it may well be that a misrepresentation of a matter which does not affect the risk, and is not material in some cases, as is claimed, will not avoid the policy, and whether it is material is a question for the jury, such rule has, we think, no application where, by the terms of the policy, misrepresentations are converted into warranties by a stipulation that an untrue answer will avoid the policy.' " *Cerys* v. *State Ins. Co.* (1898), 71 Minn. 338, 339, 340, 73 N. W. 849. See, also, *Cobb* v. *Covenant, etc., Assn., supra; Miller* v. *Mutual, etc., Ins. Co.* (1871), 31 Iowa 216, 232, 7 Am. Rep. 122.

We have already indicated that the certificate sued on, by its express terms, makes the application for membership a part of such insurance contract. Whether the answers to

the questions contained in such application shall be treated as warranties or as representations merely, must, therefore, under the above authorities, be determined from the language of the entire contract. Applying the rules of construction above announced to the language of the provisions of this contract, above indicated as being important and controlling of this question, we are forced to the conclusion that the answers of the assured in his application must be treated as warranties.

The contract, when read in its entirety, contains no contradictory or doubtful provisions. The language of the several provisions above quoted is clear, certain and positive that the answers of the assured in his application for membership shall "each and all" be treated as true in fact, and that the assured "warrants said answers and each one of them to be true in fact", and agrees that in case any answer is untrue all rights of himself and his beneficiary, including all claims and demands by virtue of the benefit certificate, are forfeited. One of the express conditions on which the certificate was issued was that said answers were by the assured "acknowledged and declared by him to be warranties and to be made a part of this contract."

If it could be said that, under the language of the contract, the answers could be treated as representations, they are by the terms and language of the contract converted into warranties so far as their materiality is concerned, and controlled by the line of cases cited under legal proposition five, given above, which prevents the question of the materiality of such answers being a question of fact for the jury trying the cause.

So in its last analysis, the question which we must determine in this case, is whether any one of said answers is false. This question must be determined from the jury's answers to interrogatories, in so far as it can

have influence in determining whether the court erred in overruling the motion for judgment on such answers.

The particular interrogatories, and the answers thereto, relied on by appellant as presenting the facts so antagonistic to and inconsistent with the general verdict as to entitle it to judgment on its motion, are as follows:

"(21) Did James Edward Collins seek and obtain the advice and services of physicians for physical ailments at any time from Dec. 3, 1900, up to December 3d, 1903? A. Yes.

(22) Did Dr. Hugh Cowing, of Muncie, Indiana, treat professionally James Edward Collins, and perform an operation on him for piles during his married life with plaintiff, before December 3rd, 1903?

A. Yes.

(26) Did James Edward Collins, within the period of three years, prior to December 3rd, 1903, seek medical advice and attention for physical ailments?

A. Yes. * * *

(30) Did James Edward Collins seek medical advice and attention and obtain medicine from Doctor William J. Malloy, for some physical ailment on October 10th, 1903?

A. Yes. * * *

(41) Did Dr. Henry M. Winans make an examination of James Edward Collins, microscopically examining the sputum of said Collins, on March 12th, 1901, for tuberculosis?

A. Yes. * * *

(44) Did Dr. Henry M. Winans examine the sputum of James Edward Collins for tuberculosis once subsequent to March 12th, 1901, prior to December 3rd, 1903?

A. Yes." In so far as these answers to interrogatories affect, or are claimed to affect, or to be inconsistent with, the answer of the assured to any question other than No. 9, given above, we think the former opinion controlling and the law of the case. As to all the other answers made by the

assured, and relied on in appellant's special answer, the questions, as now presented, are not materially different from those passed on by this court on the former appeal, and the law of the case as there expressed is applicable and, under the authorities above cited on this question, controlling.

The answers of the jury to interrogatories twenty-one, twenty-six and thirty make the questions presented, in so far as the answer of the assured to question nine, given above, is affected, and shown by such answers of the jury to be false, entirely different from that presented by the former appeal. In commenting on this answer, and the evidence relied on to show its falsity in the former appeal, this court said:

"The question asks 'for what has medical advice been sought,' not what medical treatment has been received, and the question evidently means, for what has the insured sought medical advice? The evidence does not disclose that whatever medical treatment was given to the insured was at his solicitation, or that it was sought by him." *Collins* v. *Catholic Order of Foresters, supra.*

The above answers of the jury to interrogatories twenty-one, twenty-six and thirty seem to supply the very fact which this court held in the former appeal was absent, and which it also held was required to show that such answer of the assured was necessarily false. In our judgment, the former opinion, impliedly at least, settled the question as now presented, and would be authority for our holding that the answers to the interrogatories show said answer of the assured to be false, and that therefore there has been a breach of the warranty as to such answer. This conclusion is supported by authorities cited under points four and five, given above. See, also, *United Brethren, etc., Society* v. *O'Hara* (1888), 120 Pa. St. 256, 266, 13 Atl. 932.

If the motion for judgment on the answers to interroga-

tories turned on the one question, whether the interrogatories show a breach of the warranty made by the answer of the assured to said question, we would feel compelled, under the law, to order a judgment on said motion; but the breach of such warranty, under the law, is a defense.

Whether the certificate of insurance would be avoided on account of such breach, was optional with the insurer. The appellant had the right, under the holdings in this State, to elect whether it would take advantage of the breach and avoid payment of the certificate. If it so elected, it became necessary for it to offer to restore and to tender back that which it had received on such contract. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586, 589, 79 N. E. 524; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 351, 83 N. E. 760, and authorities cited; *Metropolitan Life Ins. Co.* v. *Johnson, supra.* After so electing to avoid such contract, and the tender of the fees and premiums received thereon, it could plead the breach of such warranty and its offer of tender as a defense. This is what appellant did in this case. The breach of the warranty was a defense, and an essential averment of this defense was the tender of the fees and premiums received on the certificate of insurance.

Everything is presumed in favor of the general verdict, and before a motion for judgment on the answers to interrogatories, notwithstanding such verdict, can be sustained, there must be such irreconcilable conflict between such answers and the general verdict that the latter cannot stand. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 64 N. E. 92; *Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280, 22 N. E. 139; *Southern R. Co.* v. *Utz* (1913), 52 Ind. App. —, 98 N. E. 375, 378.

If it had been incumbent on appellee, as a part of her cause of action, to prove that the warranties of the assured

were true, the conflict between the answers and the general verdict would be irreconcilable, but such breach of warranty, being a defense, the answers, showing the breach only, will not control the general verdict, which is a finding against appellant as to all other material averments of the special answer on which the answers to interrogatories are silent. The omission of interrogatories on this element of defense may have resulted from the agreement of the parties, which was made part of the evidence. In this it was agreed that said tender of fees and premiums was made to appellee, and she refused to accept the same. But under the repeated expressions of this court and the Supreme Court, in considering this motion we can look only to the pleadings, the verdict and the answers to interrogatories. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 248, 80 N. E. 538; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300, 53 N. E. 235; *Indiana, etc., Gas Co.* v. *Long* (1901), 27 Ind. App. 219, 222, 59 N. E. 410.

It follows that there was no error committed in overruling this motion.

We are, however, confronted with the same question in the consideration of the motion for a new trial. The uncontradicted evidence in the case shows just what the jury found, viz., that on several occasions between December 3, 1900, and December 3, 1903, the assured had obtained the advice and service of a physician. Appellee testified, in substance, as follows: That the assured had a spell of sickness in December, 1900, when he was visited and treated by Doctor Winans; that she had gone on a visit to her father's home after December 15, 1900, and close to December 21, 1900, and while there was called to her home in Muncie because of the sudden illness of her husband; that she got home before the Christmas holidays, and learned that Doctor Winans had been treating her husband, and he called after she got home; that the assured was confined about the

house, in and out, about three weeks, and was confined to his bed about four or five days; that the doctor pronounced his ailment a heavy cold, bordering on pneumonia; that she thought this was one of the occasions when the doctor examined his sputum. She further testified that she and her husband called on Doctor Malloy at his office in October, 1903, when the doctor prescribed for her husband and gave him medicine; that on October 19, 1903, Doctor Winans visited their home, and treated her husband professionally; that he was then complaining of his stomach, and was vomiting; that the assured had bilious attacks in the years 1901, 1902 and 1903, and that on these occasions he would sometimes have the doctor come to see him at his home, and sometimes would go to the doctor's office. The doctors also testified to visits and treatments during said period, but we think we have set out enough of the undisputed evidence on this subject to indicate that the assured did not answer question nine truthfully or in good faith, and that there was a breach of the warranty made by said answer.

It follows that the verdict of the jury was not sustained by sufficient evidence, and that for this reason appellant's motion for a new trial should have been sustained.

The inconsistency between the general verdict and the answers of the jury to interrogatories would indicate that they did not regard answer nine, given above, of the assured in his application for membership as materially affecting the risk of insurance, and that such answer should not, therefore, prevent a general verdict in appellee's favor. It may not, therefore, be improper to remark in this connection that, in our judgment, the ends of justice would be best subserved if, in all cases of this character, the statements and answers of the assured could be construed as representations merely, which need be only substantially true in so far as they materially affect the risk. In many states there has been legislative enactment to this effect, but in our own State there has been no such legislation, and inasmuch as it is the court's

duty to construe the law as it finds it, and not to make it, we must be satisfied with that construction which necessarily results from the application of the law as it now is to the facts presented in each particular case.

Instructions two and seven, given by the court, were erroneous, in that they fixed the time in which the assured must have sought medical advice in order to defeat recovery as being within the three years preceding the issuing of the benefit certificate, which was December 23, 1903, instead of three years from the date of the application, which was December 3, 1903. In view of the fact that there will be no occasion for repeating this error at any subsequent trial, we deem it unnecessary to determine whether the same was harmless.

Judgment reversed, with instructions to the court below to grant appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 99 N. E. 745. See, also, under (1) 3 Cyc. 395; (2, 4, 7) 29 Cyc. 86; (3) 29 Cyc. 67; (5) 25 Cyc. 805; (9) 29 Cyc. 92; (10) 38 Cyc. 1927; (11) 29 Cyc. 252; (13) 29 Cyc. 244; (14) 29 Cyc. 251. As to the distinction between warranties and representations by the party to be insured, see note to *Continental Life Ins. Co.* v. *Yung* (Ind.), 3 Am. St. 636. As to the significance to be attached to attendance by and consulting a physician, in an applicant's statement on inquiry before the issue of policy, see 3 Am. St. 637. Conclusiveness of prior decisions on subsequent appeals, see 34 L. R. A. 321.