CATHOLIC ORDER OF FORESTERS *v.* COLLINS.

[No. 9,759. Filed April 3, 1919. Rehearing denied June 18, 1919. Transfer denied November 30, 1920.]

1. APPEAL.—*Decision on Prior Appeal.—Law of the Case.—* Where, on subsequent appeal, the issues remain the same and there is no material change in the evidence, the former decision stands as the law of the case. p. 278.

2. INSURANCE.— *Fraternal Benefit Certificates.— Warranties.— Breach.—*Where the parties to a fraternal benefit certificate have fixed the character of insured's answers in his application as warranties, and not representations, the exact truth of each and every answer as given is material, and each of such answers must be the exact truth or there is a breach of warranty. p. 280.

From Marion Superior Court (69,896) ; *Theophilus J. Moll,* Judge.

Action by Mary Alice Collins against the Catholic Order of Foresters. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Edmund S. Cummings, Edward P. Honan, Michael A. Ryan, John C. Ruckelshaus* and *Russell J. Ryan,* for appellant.

*John Ogden, William A. Ketcham, Clair McTurnan, William R. Higgins, Roger W. Wallace, John Vajen Wilson* and *Merrill E. Moores,* for appellee.

ENLOE, J.—This is the third appeal of this case. See *Collins* v. *Catholic Order, etc.* (1909), 43 Ind. App. 549, 88 N. E. 87, and *Catholic Order, etc.* v. *Collins* (1912), 51 Ind. App. 285, 99 N. E. 745.

The issues remain the same as they were on the last appeal, and there is no material change in the evidence; therefore the former decision stands as the law of this case.

In the former opinion it was held that the answer given by the assured to question 9—"Q. When and for what has medical advice been sought within the last three years? A. Nothing"—was, under the terms of

the application and certificate herein, a warranty. The jury trying the case formerly, in answer to interrogatories, found that the answer given to the above interrogatory was false. The jury trying the case on the present appeal also found, by their answers to interrogatories returned with their general verdict, that this answer was false, the jury returning the same answers to interrogatories covering question 9 as were returned on the former appeal. See *Catholic Order, etc.* v. *Collins, supra,* 295, interrogatories 24, 26 and 30.

On the last of the former appeals the interrogatories were silent on the question of appellants having tendered to appellee, before trial, a sum sufficient to cover all moneys paid by James Edward Collins, the insured, to appellant, on its election to avoid the contract of insurance in question, but at the last trial such interrogatories were submitted to the jury, and they found, as shown by their answers thereto, that appellant had tendered to appellee before trial of this case a sum covering all sums paid by said James Edward Collins to appellant, with legal interest thereon to day of trial, and that such tender had been refused by appellee.

The jury returned a general verdict for appellee, and the appellant unsuccessfully moved for judgment in its favor upon the answers to interrogatories, and for a new trial. If the motion by appellant for judgment in its favor upon the answers to interrogatories should have been sustained, no other assigned errors herein need be noticed.

The answers of the jury to interrogatories numbered 36, 37 and 38 supply the facts of defense which the court in the last of the former appeals said was lacking, so that under the law of this case the jury have now affirmatively found in favor of appellant, by their answers to interrogatories, the existence of each of the affirmative facts necessary to appellant's defense.

Appellee insists that the case was last tried upon a "new theory," to wit, that James Edward Collins, at the time he gave his answers in his application, thought or believed his said answers to be true, and that each and all of said answers were in fact true, so far as they affected the materiality of the risk, and hence are not to be construed as warranties. A sufficient answer to this argument is that it is for the parties in the first instance to fix the character of the answers, whether they. shall be considered as representations or warranties and whether they shall be deemed material or immaterial as affecting the risk; and when they have so fixed the matter, and given legal character to their contract, a jury has no power to declare it otherwise than as so fixed. By making the answers warranties, as held in the former opinion, the parties made the exact truth of each and every answer as given material, and each of such answers must be the exact truth, or there is a breach of the warranty. *Catholic Order, etc.* v. *Collins, supra,* 293, and authorities there cited.

The answers given by the jury to interrogatories numbered 10, 13 and 15 are in irreconcilable conflict with the general verdict, and are not nullified by answers to other interrogatories. The answers given by the jury to interrogatories numbered 36, 37 and 38 fully supply the very facts which the court, on the last of the former appeals, held were wanting, and also, in connection with answers to interrogatories numbered 10, 13, and 15, they fully establish the affirmative facts relied upon as a defense.

The judgment of the Marion Superior Court is therefore reversed, and this cause is remanded, with instructions to sustain appellant's motion for judgment in its favor upon the answers to interrogatories.