PROVOSTY, J.
This suit is on a policy of life insurance. It is before this court on a writ of review to the court of ax>peal.
The defenses are that the insured committed suicide, and that he did not answer truly to the questions in his ■ application for the policy, with reference to his being or having been a user of spirituous liquors, and that, as a consequence, the policy has been forfeited under its express terms.
The questions and answers referred to are the following:
“Q. Do you use spirituous, malt, or vinous liquors? A. No. Q. State the average quantity you use each day. A. No. Q. Have you at any time used them to excess (give full particulars)? A. No. Q. Are you now or did you intend to become engaged in the sale of the same? A. No.”
The court of appeal found that these questions directed the mind of the applicant for insurance, not to an occasional or incidental use, but to an habitual or excessive use, and that a negative answer to the question, “Do you use spirituous, malt, or vinous liquors?” is not false when the answerer partakes of intoxicating liquors only occasionally and temperately; and the court found that the drinking of the insured was of the latter character. The court cites May on Ins. pp. .379, 637, 638, notes; Standard Dictionary, words “Use” and “Habit”; Union Mutual Life Ins. Co. v. Reif, 36 Ohio St. 596, 38 Am. Rep. 613, and note, pp. 615, 616, 38 Am. Rep.; Chambers v. Northwestern, etc., Ins. Co., 64 Minn. 495, 67 N. W. 367, 58 Am. St Rep. 549.
This ruling was correct we think, both on the facts and on the law.
On the question of suicide, the court held that a clause reading, “If I die by my own *577 hand or act, voluntary or involuntary, sane or insane,” was a mere ordinary suicide clause, and was not violated by an act not done with suicidal intent. The court cites Penfold v. Universal life Ins. Co., 85 N. Y. 317, 39 Am. Rep. 660; 84 Am. St. Rep., note, pp. 542, 551; May on Ins. § 307; Am. & E. Ency. of L. (2d Ed.) vol. 19, p. 77.
With this ruling, again, we fully concur.
With the court’s ruling on the facts on the question of suicide, we are not so well satisfied. On this point we are much impressed by the very strong showing made in relator’s brief. However, in view of the extreme reluctance of this court to disturb on writ of review the findings of fact of the court of appeal, and considering the pronounced leaning of our jurisprudence against finding that there has been suicidal intent where the facts will possibly admit of a different construction (Boynton v. Equitable Life Assur. Co., 105 La. 202, 29 South. 490, 52 L. R. A. 687; Leman v. Ins. Co., 46 La. Ann. 1189, 15 South. 388, 24 L. R. A. 589, 49 Am. St. Rep. 348; Phillips v. Equitable Life Ins. Co., 26 La. Ann. 404, 21 Am. Rep. 549), we have concluded not to disturb the judgment.
The judgment of the court of appeal is affirmed, and the writ of review is nqw dismissed at the cost of the applicant.