(44 South. 186.)

No. 16,543.

BERTRAND v. FRANKLIN LIFE INS. CO. OF ILLINOIS.

(June 17, 1907.)

INSURANCE — LIFE INSURANCE—APPLICATION —FALSE ANSWERS.

Where, in an application for life insurance, the assured expressly warrants the truth of the answers made to the medical examiner, and it is further stipulated that the policy shall be avoided if any answer be untrue, the contract is the law of the case, and the policy will be declared forfeited, where it is alleged and proved that the assured answered untruly that she had never had a "chronic or persistent cough." Act No. 52, p. 86, of 1906, is noted as making radical changes in the laws governing life insurance policies made or delivered in this state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 681–690.]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by C. Numa Bertrand against the Franklin Life Insurance Company of Illinois. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert Lee Garland and Kenneth Baillio, for appellant. Edward Benjamin Du Buisson, for appellee.

LAND, J. Plaintiff, as administrator of the succession of his deceased wife, sued to recover the sum of $2,500, amount of a policy on the life of the deceased, made payable to her estate.

The defense is that the policy was forfeited by the false answers of the assured made to the medical examiner in response to certain questions as to her good health and her freedom from chest or lung disease. The defendant charges that the insured died of consumption and was afflicted with that malady when she made the application for insurance.

There was judgment for the defendant company, and the plaintiff has appealed.

The policy was dated December 3, 1903, and 20 days later the assured was examined by two physicians, who discovered a cavity in one of her lungs. The assured died on February 23, 1905, of consumption. For several years prior to the date of the policy the assured had suffered from a chronic cough, which kept growing worse, and finally developed into consumption. The discovery of a cavity in the lung 20 days after she was examined for insurance, and her subsequent death from consumption, leave but little doubt in the lay mind that she had that dread disease when she was insured. There can be no doubt, however, on the evidence, that she had been suffering from "a chronic or persistent cough" for several years antedating her application, and that she had at the time either bronchitis or consumption.

The judge below found that the evidence clearly showed that the assured had such a cough, and that her answer denying the fact was not true, as warranted in the application. The judge correctly held that, as expressly stipulated in the application, the policy was avoided by the untrue answer or statement. The answer was material, and, had it been otherwise, the result would be the same. May on Insurance, vol. 1, § 156; Weil, Adm'r, v. Insurance Co., 47 La. Ann. 1405, 17 South. 853; Brignac v. Life Insurance Co., 112 La. 598, 36 South. 595, 66 L. R. A. 322.

We avail ourselves of this occasion to remark that radical changes have been made in the laws governing life insurance policies by Act No. 52, p. 86, of 1906.

Judgment affirmed.