424 P.2d 880

Dorothy GRAHAM and Joe Lopez,
Plaintiffs and Appellant,

v.

PREFERRED RISK MUTUAL INSURANCE
COMPANY OF DES MOINES, IOWA, a
mutual insurance company, Defendant and
Respondent.

No. 10645.

Supreme Court of Utah.

March 3, 1967.

Mark S. Miner, Salt Lake City, for appellant.

Kipp & Charlier, Carman E. Kipp, D. Gary Christian, Salt Lake City, for respondent.

HARDING, District Judge:

On June 3, 1960, the plaintiff, Dorothy Graham, applied to the defendant, Preferred Risk Mutual Insurance Company of Des Moines, Iowa, for an automobile insurance policy for collision and comprehensive coverage. The application contained in bold type immediately above the line for her signature the words, "I do not use alcoholic beverages and will not do so for the term of the policy." The policy was issued and renewed over a period of four and one-half years. On two occasions the coverage was transferred to other cars, and at one renewal period bodily injury and medical payment coverage was added.

On April 19, 1964, while the policy was prima facie in force, the plaintiff was in-

volved in an intersection automobile collision, and, subsequently was sued by the other parties involved. Plaintiff and a passenger with her were injured and claimed to be entitled to reimbursement for medical expenses.

Defendant was informed of the suit and declined to defend, stating that there was no coverage because plaintiff had had two cocktails, containing alcohol, a few hours before the collision, and that such drinking voided the policy. It is not claimed that plaintiff was under the influence of alcohol at the time of the collision.

Plaintiff sued defendant for failure to respond in accordance with the terms of the policy. The case came on for trial, and just prior thereto, the court granted judgment summarily against the plaintiff and dismissed her action with prejudice on the theory that her drinking of an alcoholic beverage voided the policy.

 In order for a breach of a promissory representation or warranty to be available to an insurer to avoid liability the provision must be contained in the policy or by proper reference therein made a part thereof. Procacci v. United States Fire Insurance Co. (1941), 118 N.J.L. 423, 193 A. 180; Bittinger v. New York Life Insurance Co. (1941), 17 Cal.2d 834, 112 P.2d 621; Brignac v. Pacific Mutual Life Insurance Co., 112 La. 574, 36 So. 595, 66 L.R.A. 322.

The policy was not introduced in evidence, so it is not known what it provides as to using alcoholic beverages. The dismissal was, therefore, unjustified.

The judgment of dismissal is vacated and the case remanded for trial. Costs to plaintiff.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, does not participate herein.